# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KAAMALA RENIA EL,

        Plaintiff,        CASE NO. 17-13190
                             HON. DENISE PAGE HOOD

v.

CITY OF LIVONIA, *et al.*,

        Defendants.

_____/

**AMENDED OPINION AND ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS [#13; #19; #23; #28; #31; #42], AND DENYING
DEFENDANT'S MOTION FOR SANCTIONS [#20][1]**

**I.    BACKGROUND**

    A. Procedural Background

On September 28, 2017, Plaintiff Kaamala Renia El ("El") brought this action against Defendants the City of Livonia, Michigan ("Livonia"), Livonia Chief of Police Curtis Caid ("Caid"), Sergeant Michael Mockeridge ("Mockeridge"), Sergeant Ronny Warra ("Warra"), Officer Jordan Dottor ("Dottor"), Officer Daniel Tar ("Tar"), Officer Michael Reilly ("Reilly"), Officer Michael Arakelian ("Arakelian"), Officer Dean Langley ("Langley"), and Officer Dennis Burklow ("Burklow") (collectively, "Defendants"). (Doc # 1) El alleges

---

[1] **Amends the Order on page 17 to "DISMISSED *WITH* PREJUDICE."**

1

Defendants violated her rights in violation of 42 U.S.C. § 1983 and Michigan law. El's Complaint includes eleven counts:

(1) Illegal Search and Seizure pursuant to § 1983 (Count I);

(2) False Arrest and False Imprisonment under state common law (Count II);

(3) Federal *Monell* claims for Failure to Train or Supervise (Count III);

(4) Malicious Prosecution under state common law (Count IV);

(5) Assault and Battery under state common law (Count V);

(6) Malicious Prosecution pursuant to § 1983 (Count VI);

(7) Malicious Prosecution under state common law (Count VII);

(8) Ethnic Intimidation under state statutory law (Count VIII);

(9) Assault and Battery under state common law (Count IX);

(10) Intentional Infliction of Emotional Distress under state law common (Count X);

(11) Lack of Government Immunity from Litigation under state law (Count XI).

(Doc # 1) El seeks monetary damages for the alleged violations.

Defendant Livonia filed a Motion to Dismiss (Doc # 13), which was followed by Caid's Motion to Dismiss (Doc # 19), Dottor and Reilly's Motion to Dismiss (Doc # 23), and Defendant Livonia's Motion for Sanctions. (Doc # 20) El filed a Response to Defendant Livonia's Motion to Dismiss. (Doc # 33) El also filed an alleged Response to Livonia's Motion for Sanctions (Doc # 32), however,

the document filed is nearly identical to her Response to Livonia's Motion to Dismiss. Livonia filed Replies to both Responses. (Doc # 35; 36) Defendants Caid, Dottor, and Reilly joined in Livonia's Motion to Dismiss (Doc # 13). A hearing on the Motions (Doc # 13; 19; 20; 23) was held on January 31, 2018.

This matter is before the Court on Defendants Burklow and Langley's Motion to Dismiss (Doc # 28), Defendant Mockeridge's Motion to Dismiss (Doc # 31), and Defendants Arakelian, Tar, and Warra's Motion to Dismiss (Doc # 42). Defendants Burklow, Langley, Mockeridge, Arakelian, Tar, and Warra join in Livonia's Motion to Dismiss (Doc # 13). No response to the present Motions has been filed.

Livonia argues that El's Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Livonia asserts that ten of El's eleven claims are time-barred by the applicable statute of limitations. (Doc # 13, Pg. 4) Livonia also argues that the remaining claim is barred as a matter of law. (*Id.*) In her Response to Livonia's Motion to Dismiss, El argues that her claims should be tolled under Michigan law because she was legally insane when the injuries occurred. El has not provided any arguments opposing Livonia's Motion for Sanctions.

For the reasons that follow, Defendants' respective Motions to Dismiss are **GRANTED**. In addition, the Court **DENIES** Livonia's Motion for Sanctions.

### A. Factual Background

On August 2, 2013, Plaintiff El, a Native American woman of mixed African decent, was traveling in her car headed southbound on Middlebelt Road in Livonia, Michigan. El passed a Livonia Police Department Squad Car, which started to follow her. The police car was driven by Sergeant Mockeridge. El led Mockeridge into a parking lot, where she was subsequently pulled over by Mockeridge. Mockeridge informed El that she was pulled over because of a defective brake tail light on her car. Mockeridge also told El the trunk of the car was open. (Doc # 1, Pg. 5) Mockeridge identified himself, and asked El to provide her license and registration. El refused to comply. Then Mockeridge asked El to step out of her vehicle. El refused to comply. El remained in her car until backup for Mockeridge arrived. The additional officers surrounded El's car, and demanded that El and her passenger exit the car. When El refused, Mockeridge informed her that she was under arrest.

El remained in her vehicle. Once her identity was matched to information obtained from the Law Enforcement Information Network ("LEIN"), the officers discovered that El operated the vehicle despite having several license suspensions. One of the officers used a device to unlock the front door on the passenger side of El's car, and forcibly removed the passenger from the car. Then the officers

forcibly removed El from the car. El was subsequently handcuffed, frisked for weapons, and placed in a police vehicle. She was transported to Livonia's St. Mary Hospital for examination and treatment. Then she was taken to a Livonia jail, and later transferred to the Wayne County jail. El was arraigned and prosecuted for resisting and obstructing an officer, and operating a motor vehicle while license suspended or revoked. (Doc # 13, Pg. 3)

The stop and arrest occurred on August 2, 2013. El alleges that she was never arraigned, but eventually posted bail in the amount of $500.00. (Doc # 12) A preliminary exam was held on August 22, 2013. On October 15, 2014, the case went to trial in the Wayne County Circuit Court. A jury found El not guilty of resisting and obstructing an officer, but found her guilty of driving with license suspended or revoked. (*Id.*) El filed her eleven count Complaint on September 28, 2017.

I. ANALYSIS

   A. Motions to Dismiss

     1. *Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986).

When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

   **2.** *Statute of Limitations*

Livonia asserts that ten of El's eleven claims are time-barred. El argues that her claims should be tolled because she was legally insane when the injuries occurred.

The appropriate statute of limitations to apply in all § 1983 actions is the general personal injury limitations statute of the state where the injury giving rise to the action occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). The Sixth Circuit has held that Michigan's three-year statute of limitations for personal injury actions applies to § 1983 claims arising in the state. *Rapp v. Putman*, 644 F. App'x 621, 626 (6th Cir. 2016); *see also* M.C.L. 600.5805(10). Michigan Compiled Laws § 600.5805 establishes the statute of limitations for injuries to persons or property arising in Michigan.

As a preliminary matter, El's insanity argument lacks merit. "Under Michigan law, insanity in this context is defined as 'a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane.'" *Britt v. Smith*, 9 F. App'x 409, 410 (6th Cir. 2001) (citing M.C.L. § 600.5851(2)). Michigan courts have found a plaintiff mentally deranged when she was (1) unable to work with her attorney; (2) unable to understand or assist her attorney in asserting the cause of action against the defendant; and (3) unable to address personal and business affairs. *Id.* The person

must not be able to "comprehend simple legal procedures." *Id.* (citation omitted). Plaintiff has the burden to prove the action is not time barred. *Id.*

Michigan Compiled Laws § 600.5851(5) states that a person who is legally insane at the time a claim arises may commence the action after the disability ceases. Subsection (1) of the statute provides that such person has an additional year after the disability is removed to make an entry or commence the action after the statute of limitations has run. M.C.L. § 600.5851(1). El seeks to prove her alleged insanity by directing the Court to an affidavit submitted by a board-certified neuro-psychiatrist, which diagnoses her as mentally disabled before the events giving rise to this action. (Doc # 32, Pg. 15–16) Doctor Jorge Zuniga, M.D., stated that El has been under his care for being diagnosed with schizoaffective disorder and severe and bipolar depression.

El's tolling argument fails for several reasons. First, El does not claim that her psychiatric disability has ended. Second, the affidavit provides no information regarding El's ability to comprehend her claims or assist her attorney. Third, the affidavit, dated January 10, 2018, states that El is still receiving treatment and considered "totally disabled for any type of gainful employment." (*Id.*) Finally, despite her claim of insanity and her inability to work, according to her psychiatrist, El is able to pursue—with her attorney—the present claims against Defendants. *See Hood v. United States Postal Serv.*, No. 17-1048, 2017 WL

6988055, at *3 (6th Cir. Oct. 11, 2017) ("[G]iven [plaintiff's] ability to pursue his claims, tolling under these statutory provisions does not apply"). Tolling does not apply in this case.

Count I is a Fourth Amendment illegal search and seizure claim under § 1983, and Count III describes the *Monell* claims resulting from the alleged violation in Count I. Both claims are subject to Michigan's three year statute of limitations. The alleged illegal search and seizure took place on August 2, 2013. The claims should have been brought no later than August 2, 2016. These claims are time barred.

Count II alleges false imprisonment and false arrest under Michigan law. False imprisonment is subject to a two year statute of limitations under M.C.L. § 600.5805(2). Even disregarding that a claim of false imprisonment requires a lack of probable cause, which was sustained by implication via El's conviction, the arrest occurred on August 2, 2013, and the state court trial concluded on October 15, 2014. The false imprisonment claim should have been commenced no later than October 15, 2016. In addition, Michigan law establishes that false imprisonment and false arrest are not separate torts. *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 17 n. 15 (2003). Count II is time barred.

Count IV and Count VII allege claims for malicious prosecution under Michigan law. Such claims are subject to M.C.L. § 600.5805(5), which establishes

9

a two year statute of limitations. Irrespective of whether the Court starts from the date of the incident, August 2, 2013, or the date of the criminal proceedings, October 15, 2014, these claims should have been brought no later than October 15, 2016. Counts IV and VII are time barred.

Count V and Count IX allege claims for assault and battery under Michigan law. Such claims are subject to a two year statute of limitations under M.C.L. § 600.5805(2). The alleged assault and battery occurred on August 2, 2013. These claims should have brought no later than August 2, 2015. These claims are time barred.

Count VIII alleges a statutory claim for ethnic intimidation under M.C.L. § 750.147b. The statute does not provide a specific statute of limitations. The offenses included under M.C.L. § 750.147b could either be subject to the two year statute of limitations for assault and battery under M.C.L. § 600.5805(2) or the three year statute of limitations under M.C.L. § 600.5805(10). The events giving rise to this claim occurred on August 2, 2013. This claim should have been brought no later than August 2, 2015 or 2016. This claim is time barred. In addition, irrespective of the statute of limitations. This claim fails because plaintiff has not stated facts sufficient to establish this claim under Rule 12(b)(6).

Count X alleges Intentional Infliction of Emotional Distress. This claim is subject to the three year statute of limitations set forth in M.C.L. § 600.5805(10).

The events giving rise to this claim occurred on August 2, 2013. This claim should have been brought no later than August 2, 2016. This claim is time barred.

Count XI argues that the individual Defendants are not entitled to government immunity under Michigan law. El is essentially arguing that the individual Defendants are grossly negligent. Ignoring El's failure to allege facts to support a finding of gross negligence, El's gross negligence theory hinges on proving claims that are time barred under Michigan law. El's government immunity argument fails.

### 3. *Remaining § 1983 Malicious Prosecution Claim*

Count VI of the Complaint alleges a Fourth Amendment malicious prosecution claim under § 1983. This claim is subject to the three year statute of limitations under M.C.L. § 600.5805(10). El alleges that she was prosecuted for a crime that Defendants knew she did not commit. (Doc # 1, Pg 19) El also alleges that the individual Defendants "manufactured probable cause," among other things. (*Id.*) The events giving rise to this cause of action ended at the conclusion of El's jury trial on October 15, 2014. This claim was brought on September 28, 2017. This claim is not time barred.

Livonia argues that this claim is barred by the *Heck* doctrine. The Court agrees. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff is barred from bringing a § 1983 claim that would "imply the invalidity"

of a state conviction or sentence, unless the plaintiff can "demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. El was convicted of driving while license suspended in state court.

In order to prove a § 1983 malicious prosecution claim, a plaintiff must show that there was a lack of probable cause for the prosecution. "[P]robable cause to initiate a criminal prosecution exists where facts and circumstances are sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime charged." *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) (quotations and citation omitted). El's conviction necessarily implies that probable cause was sustained at multiple stages of the state court proceedings. Those proceedings resulted in a final judgment against El. El has not asserted that the state court conviction was somehow invalid. El has not asserted that the state court conviction is subject to appeal. El has not asserted that she challenged the evidence obtained by the officers during her detainment, which was subsequently used to convict her, by filing a Motion to Suppress in the state court proceeding. The Court notes that El did not argue the *Heck* issue in her Response to Livonia's present Motion. Count VI is barred as a matter of law.

All of El's claims are barred. El has failed to state a claim upon which relief can be granted. The Court need not address the alternative arguments submitted by Defendants.

**A. Motion for Rule 11 Sanctions**

Defendant Livonia asks the Court to grant the present Motion for Rule 11 Sanctions on El's attorney for El's refusal to dismiss this action.[2] Livonia cites Federal Rule of Civil Procedure 11(b)(2)-(3), which provides as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(2)-(3).[3]

---

[2] Rule 11 provides that a court must not impose a monetary sanction on a represented party. Fed. R. Civ. P. 11(b)(5).

[3] Livonia has shown compliance with Rule 11's "safe harbor" provision by serving the Motion for Sanctions more than 21 days prior to filing the motion. *See* Fed. R. Civ. P. 11(c)(2); Doc # 20-2.

Rule 11 "imposes on litigants 'a continuing duty of candor,' and a litigant may be sanctioned 'for continuing to insist upon a position that is no longer tenable.'" *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). In the Sixth Circuit, "the test for the imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances." *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). "A district court exercises wide discretion in determining whether an attorney's conduct was unreasonable, thereby justifying an award of sanctions under Rule 11." *Gen. Ret. Sys. of City of Detroit v. Snyder*, 822 F. Supp. 2d 686, 699 (E.D. Mich. 2011).

Livonia makes two arguments in support of its Motion for Sanctions. Livonia argues that El's repeated assertions that there was not probable cause for her arrest and subsequent conviction reflects a willful misrepresentation or inadequate inquiry into the facts. Livonia also argues that filing a complaint containing several causes of action that are clearly time-barred reflects a willful disregard for the duty to inquire into the law or, alternatively, to file knowingly actionable claims. El did not respond to these arguments.

The purpose of Rule 11 sanctions is to deter conduct that abuses the legal process. *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010). There is an obligation on attorneys "to conduct a reasonable

14

inquiry into the law and facts before signing pleadings, written motions, and other documents." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). "Subdivision (b) does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses." *Id.* Rule 11 sanctions are appropriate where the attorney's conduct was objectively unreasonable under the circumstances. *Nieves v. City of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005). The Sixth Circuit has held that a plaintiff "act[s] frivolously when they continue[] pursuing this action after Defendants point out[] inadequacy in their motion to dismiss." *Royal Oak Entm't, L.L.C. v. City of Royal Oak*, 316 F. App'x 482, 487 (6th Cir. 2009).

In the present case, El brought eleven claims against the Defendants, all of which are barred by the applicable statute of limitations or controlling law. El was made aware of the deficiencies in her Complaint, and Livonia's subsequent Motion for Sanctions (Doc # 20), and has continued in this action. El did not counter Livonia's arguments regarding probable cause, nor did she challenge Livonia's assertion that the § 1983 claim for malicious prosecution was barred as a matter of law.

El responded to Livonia's Motion to Dismiss by arguing that the applicable statute of limitations should be tolled due to her mental disability. The tolling

argument was not included in her Complaint. The affidavit submitted in support of El's Response (Doc # 32), dated January 10, 2018, evidences a conclusion that her attorney did not consider the tolling argument until after he became aware of the present Motion for Sanctions. In addition, the tolling argument lacks merit. The Court reiterates that ten of the eleven claims in this action were clearly time barred as presented by the plaintiff. "A reasonable attorney would have researched the applicable statute-of-limitations period for a[n] action prior to filing a complaint." *Friedler v. Equitable Life Assur. Soc. of U.S.*, 86 F. App'x 50, 56 (6th Cir. 2003).

The Court has discretion to impose sanctions for El's refusal to dismiss this case after becoming aware that all of the claims in her Complaint are barred. Livonia's probable cause argument in support of the present Motion does not justify the imposition of sanctions because El sought to challenge whether probable cause existed for the stop, not her arrest. Livonia has not presented facts sufficient to establish the extent of sanctions that should be granted.

I. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Livonia's Motion to Dismiss (Doc # 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Curtis Caid's Motion to Dismiss (Doc # 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Jordan Dottor and Michael Reilly's Motion to Dismiss (Doc # 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Dennis Burklow and Dean Langley's Motion to Dismiss (Doc # 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Michael Mockeridge's Motion to Dismiss (Doc # 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Michael Arakelian, Daniel Tar, and Ronny Warra's Motion to Dismiss (Doc # 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Livonia's Motion for Sanctions (Doc # 20) is **DENIED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 28, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager